UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GERARDO GUERRERO GONZALEZ, et al., <br><br> Defendants. | Case No. 14-cv-03932-VC <br><br> **ORDER GRANTING DEFAULT JUDGMENT** <br><br> Re: Docket No. 26 |

J & J Sports Production, Inc. has sued the defendants, for unlawfully intercepting and broadcasting a boxing match for which J & J Sports owned the television distribution rights. Default was entered on February 4, 2015. J & J Sports now moves for a default judgment against the defendants pursuant to Federal Rule of Civil Procedure 55(b)(2).

The factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-92 (9th Cir. 1986), weigh in favor of entering a default judgment. First, because default has been entered, J & J Sports' factual allegations are accepted as true, except for those relating to the amount of damages. Second, if the motion were denied, J & J Sports would be without a remedy and would be prejudiced. Third, the amount of money at stake is moderate. Fourth, default was not the result of excusable neglect. The defendants were properly served and have not appeared in this case. *See* Docket Nos. 16 and 17.

**Conversion**

Taken as true, J & J Sports' factual allegations support a conversion claim: (1) J & J Sports purchased licensing rights to the program at issue, (2) the defendants did not have the right to broadcast it, and (3) the defendants' establishment has a capacity of 60 people, so they would have been required to pay $2,200 for a subleasing agreement. Accordingly, J & J Sports is entitled to

damages for conversion and is awarded $2,200 for this claim.

**Statutory Damages**

J & J Sports also seeks damages under Section 605, but damages are more appropriate under Section 553 in this case. Section 605 prohibits "radio" or satellite interception, while Section 553 prohibits cable interception. *See* 47 U.S.C. §§ 605, 553. It also provides for higher penalties than Section 553. J & J Sports does not provide any evidence that the defendants transmitted the program via satellite, and in fact, its investigator stated he did not see a satellite dish on the property. *See* Declaration of Affiant, Anthony Dazhan. Accordingly, the Court will apply Section 553. *See J & J Sports Prod., Inc. v. Sergura*, 2014 WL 1618577, at *4 (N.D. Cal. April 21, 2014) (applying Section 553, rather than Section 605, where the plaintiff's investigator did not state whether the broadcast was transmitted via satellite dish or cable box); *J & J Sports Prod., Inc. v. Concepcion*, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011) (same).

Under Section 553, a court may award up to $60,000 in statutory damages. 47 U.S.C. § 553(c)(3)(A)(ii) and (c)(3)(B). The Court finds that an award of $1,000 is sufficient to deter future violations by the defendants and to compensate the plaintiff. Although there were 20 patrons and two televisions showing the program, there was no cover charge and no evidence the restaurant charged a premium for food or drinks or advertised for the fight. Furthermore, there is no evidence the defendants are repeat offenders. The Court declines to award enhanced statutory damages.

Accordingly, J & J Sports is awarded $3,200 in total damages.

**IT IS SO ORDERED.**

Dated: April 23, 2015

_____
VINCE CHHABRIA
United States District Judge